UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
SEP 14 2016
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

_____

KENNETH MOORE,
          Plaintiff,

v.

CO J. PETERS et al.,
          Defendants.
_____

**DECISION & ORDER**
13-CV-6271

## Preliminary Statement

Pro se plaintiff Kenneth Moore (hereinafter "Moore" or "plaintiff") commenced this action on May 28, 2013, pursuant to 42 U.S.C. § 1983, alleging retaliation and due process violations during his period of incarceration at Willard Drug Treatment Campus and Five Points Correctional Facility. See Complaint (Docket # 1). Moore alleges that while at the Willard Drug Treatment Campus, he witnessed two corrections officers assault another participant, and he reported the assault. Id. at 7. Moore asserts that in retaliation for reporting, correction officer Peters (hereinafter "C.O. Peters" or "defendant") created a false misbehavior report against Moore, causing plaintiff to be moved to isolation, transferred to Five Points Correctional Facility, and ultimately to have his parole revoked and ten-months added to his term of imprisonment. Id. at 7-13.

After the filing of this federal action, both parties submitted motions for summary judgment. See (Docket ## 27, 32). Judge Wolford issued an Order on March 13, 2015, denying plaintiff's motion for summary judgment and granting defendants' motion to dismiss plaintiff's third, fifth and sixth causes of action, thereby terminating two defendants from the case. See Order (Docket # 38). Following Judge Wolford's Order, the remaining parties met with the undersigned, established a Scheduling Order, and began discovery. See (Docket ## 39, 41). Plaintiff filed the instant motion to compel on September 29, 2015, seeking documents and information not provided by counsel for defendants in the initial disclosures. See Motion to Compel (Docket # 44). Counsel for the defendants responded on October 23, 2015, objecting to many of the document demands and providing additional materials. See Declaration (Docket # 46). Plaintiff replied by letter dated October 30, 2015, and this motion was deemed submitted to the Court at that time. See Letter from Mr. Kenneth Moore (Docket # 47).

## Discussion

Plaintiff objects to several of the defendants' responses to his discovery demands. His objections are addressed as follows.

<u>Discovery Demand 1</u>: Plaintiff states that defendants have failed to turn over mandatory discovery, including names and addresses of individuals that are likely to have discoverable information, information from Willard regarding his transfer to Five Points, log book entries, and information from specific parole officers and counselors. <u>See</u> Letter (Docket # 47) at 1. Defendants respond by pointing out that they have provided plaintiff with 112 pages of discovery, including the requested transcript from plaintiff's tier two hearing. <u>See</u> Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 1; <u>see also</u> Rule 26 Disclosures (Docket # 41).

At this stage of the discovery process, I find that defendants have reasonably complied with their duties under Rule 26. Given the sworn representations of defense counsel, there is no reason to believe that defendants' submissions were incomplete, and indeed defendants supplemented their initial discovery by including plaintiff's tier two hearing transcript. <u>See</u> Exhibit "A" to Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 1-55. For that reason, plaintiff's motion for mandatory discovery is **denied.**

<u>Discovery Demand 4-5</u>: Plaintiff asked for the name and contact information of a specific participant in the Willard DTC Program. <u>See</u> Letter (Docket # 47) at 2. Defendants identified Jose Vasquez, and provided Mr. Vasqeuz's DIN number. <u>See</u>

3

Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 3. Defendants have thereby complied with plaintiff's request in # 4. Plaintiff additionally requests any information related to an alleged assault that occurred between defendant Peters and Inmate Vasquez on February 23, 2011. See Letter (Docket # 47) at 2. The assault, according to plaintiff, is the basis for defendant Peters' retaliation. Id. Defendants have responded that "safety and security reasons prohibit the release of confidential inmate records." See Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 3.

Though plaintiff has stated that the alleged assault on February 23, 2011 is important "because it goes to motivation on Defendant Peters [sic] part," the Court does not agree that such information is relevant to C.O. Peters' retaliation against plaintiff. The issue in this litigation is not whether a third party was assaulted, but whether defendant Peters retaliated against plaintiff. Insofar as there are any reports written by plaintiff regarding or related to Mr. Vasquez and the alleged assault, these must be disclosed to the plaintiff within thirty (30) days if they have not already been provided. Otherwise, unrelated confidential records from Inmate Vasquez's file are

not sufficiently relevant to this lawsuit to require production, and therefore plaintiff's motion is **denied**.[1]

Discovery Demand 9-10: In these two demands, plaintiff seeks the name of two unknown corrections officers who were working at Willard while plaintiff was in treatment there. Defendants have responded that they are unable to identify the individuals. See Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 5-6. According to Mr. Benitez, "in the spirit of cooperation, the facility is researching this request," but he then cryptically answered with "UNABLE TO IDENTIFY." Id. The descriptive information provided by plaintiff about the two officers that is unusually specific, and the Court has concerns about what efforts the "facility" actually has made to identify these individuals. The Court grants plaintiff's discovery demand insofar as Mr. Benitez is required to provide a Declaration setting forth precisely what search efforts were made to identify the two corrections officers given the specificity plaintiff offered in describing them. Such declaration shall be filed within **thirty (30) days** of entry of this Order.

---

[1] Public Officers Law § 96 prevents disclosing personal records or information. See MicKinney's Public Officers Law § 96(1). This state law of confidentiality is not binding in federal civil rights actions, where plaintiff is able to make a threshold showing of relevance and particularity. See King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988).

5

Discovery Demand 14-15: According to plaintiff, defendant Peters created a fake misbehavior report stating that plaintiff became "defiant, disruptive, and agitated" at the beginning of a community meeting. See Attachment # 3 to Plaintiff's Motion to Compel (Docket # 44). This misbehavior was used as grounds to place plaintiff in isolation, transfer him from Willard to Five Points, and revoke his parole. Plaintiff states that no confrontation ever occurred with defendant Peters, and desires the names of the forty-nine individuals who, according to defendant Peters' report, would have witnessed the altercation at the beginning of the community meeting had it happened. Defendants have objected to producing this information, stating that it is "intended to harass, is vague and overbroad." Declaration of Defense Counsel J. Richard Benitez (Docket # 46) at 7-8.

Defendants' objections to making any further response to this discovery demand are sustained, and this request is **denied**. Based on the tier two hearing transcript, plaintiff already knows the names of numerous "witnesses" to the alleged incident of March 12, 2011. Indeed, plaintiff asked for at least five of the "witnesses" to be produced at his tier two disciplinary hearing held on March 16, 2011 and all five of them stated that they did not know enough about the incident to provide testimony at the tier two hearing. The Court finds that plaintiff has not

6

demonstrated that any of the forty-nine individuals who were in the community meeting room on March 12, 2011 have evidence relevant to his claim.

## Conclusion

Plaintiff's motion to compel (docket # 44) is **denied in part and granted in part**, consistent with the above Decision and Order. The Court will extend discovery until **November 18, 2016**. Dispositive motions must be filed no later than **December 30, 2016**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2016
       Rochester, New York