UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH E. MOORE,

                Plaintiff,        DECISION & ORDER

v.                                    13-CV-6271

CORRECTIONAL OFFICER J. PETERS
et al.,

                Defendants.

FILED SEP 21 2017

## Procedural Background

Currently pending before the Court is a motion by pro se plaintiff Kenneth Moore (hereinafter "plaintiff"), to reconsider this Court's previous Decision and Order dated September 14, 2016 (Docket # 49). See Docket # 52. Defense counsel filed a response in opposition to the instant motion on November 16, 2016 (Docket # 54), and plaintiff filed a reply on November 28, 2016 (Docket ## 55, 56). The motion was deemed submitted on paper.

## Discussion

Familiarity with the Court's prior decision is assumed. At issue in the instant motion is plaintiff's request for names and addresses of forty-nine individuals who were incarcerated with plaintiff at the Willard Drug Treatment Campus on March 12, 2011. According to plaintiff, these individuals were present at a "community meeting" held on that date, and would be able to

describe any contact or lack of contact that occurred between plaintiff and defendant Peters. In my previous Decision and Order (Docket # 49), I determined that "plaintiff already knows the names of numerous 'witnesses' to the alleged incident of March 12, 2011," because plaintiff identified five of the participants by name to testify at his Tier II hearing. The Court wrote that, aside from those five known individuals, plaintiff had failed to demonstrate that the other forty-four participants would have additional relevant evidence. Id. at 6-7.

In seeking reconsideration of that decision, plaintiff points out that none of the five known individuals testified at his disciplinary hearing because they told prison officials that they did not see any incident or event between plaintiff and defendant Peters. According to plaintiff, however, it is the lack of contact between him and Peters that day that he is trying to prove. His lawsuit alleges that Peters retaliated against him by filing false disciplinary charges alleging that there was a confrontation between Peters and plaintiff during the community meeting held on March 12, 2011. Anyone in attendance at the community meeting would therefore have relevant evidence because they would confirm that there was no confrontation between plaintiff and Peters during the meeting. Plaintiff, who is no longer incarcerated, seeks the names and current addresses of all those in attendance at the community meeting on that specific date. Counsel for the defendant

2

argues that plaintiff can obtain this information by "a simple search of the New York State Department of Corrections and Community Supervision Inmate Population Search," described as an "on-line public internet search engine." See Docket # 54 at ¶ 4.

## Discussion

After further consideration, the Court will modify its previous decision as follows. The Court is still not convinced the names and current addresses of all forty-nine individuals in attendance at the March 12, 2011 meeting need be disclosed by defendants at this time. By the same token, the theory of plaintiff's retaliation cause of action is based on the fact that there never was a "confrontation" between plaintiff and defendant Peters at the meeting and that the misbehavior report was fabricated by Peters. The fact that the five witnesses declined to testify at plaintiff's disciplinary hearing may have been the result of confusion as to why they were being asked to testify, rather than an indication that they did not have relevant evidence for this retaliation claim.

Defense counsel does not seem to object to disclosing prior inmate names and addresses, informing the Court such information is available by simply accessing a publicly available search engine. But current addresses for released inmates are not available on the website. Moreover, the Willard Drug Treatment

3

Program is a short-term "shock" program, so it is likely that many of the individuals in attendance at the meeting on March 12, 2011 are no longer in state custody. Plaintiff has informed the Court that he "would be willing to write out my deposition questions and send them to the defense attorney who would then forward them to any or all of the 49 witnesses with instructions to answer the questions and send them back to the AAG who would then send them to me." See Docket # 52 at 3.

In light of the above, plaintiff may draft up to ten written deposition questions addressed to each of the five witnesses who refused to testify at his disciplinary hearing. See Docket # 52 at pages 6-10. Plaintiff shall mail the questions to defense counsel who shall copy and mail them (along with a copy of this Decision and Order) to the last known addresses of the five former inmates. If the inmate is currently in state custody, the questions should be forwarded by defense counsel to the appropriate facility for personal delivery to the inmate. In forwarding the questions to the five individuals, defense counsel shall include a self-addressed envelope and written instructions that any responses are to be mailed back to defense counsel. Defense counsel shall forward any received responses to plaintiff by mail and may keep a copy for the defendants' records.

4

## Conclusion

Based on the foregoing, plaintiff's motion for reconsideration (Docket # 52) is **denied in part and granted in part.**

A status conference is scheduled in this case for November 29, 2017 at 10:00 a.m. before the undersigned. Plaintiff may appear by telephone upon written request to the Court.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 21, 2017
         Rochester, New York