UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH E. MOORE,

      Plaintiff,

    v.

CORRECTIONAL OFFICER J. PETERS, LIEUTENANT REYNOLDS, and ESTATE OF LARRY CASLIN,

      Defendants.
_____

**DECISION AND ORDER**

6:13-CV-06271 EAW

## **INTRODUCTION**

Plaintiff Kenneth E. Moore ("Plaintiff") commenced this action on May 28, 2013, alleging violations of his rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against employees of the Willard Drug Treatment Campus. (Dkt. 1). By Decision and Order dated March 13, 2015, the Court denied Plaintiff's motion for partial summary judgment, and granted in part and denied in part Defendants' cross-motion for judgment on the pleadings. (Dkt. 38). Consequently, Counts I and II of Plaintiff's complaint alleging retaliation and due process claims were permitted to proceed to discovery. (*Id.*).

Correctional Officer J. Peters ("Peters"), Lieutenant Reynolds ("Reynolds"), and the Estate of Larry Caslin ("Caslin") (collectively "Defendants") are the only remaining defendants in this action. Presently before the Court is Plaintiff's motion for sanctions based on Peters' failure to attend his deposition in June of 2019. (Dkt. 75). For the reasons

set forth below, the Court denies Plaintiff's request to strike Peters' answer, but grants Plaintiff's alternative request to preclude Peters from offering certain evidence at trial to the extent that Peters shall not be permitted to testify at trial regarding any aspect of the events underlying Count I of the complaint.[1]

## BACKGROUND

The following facts are taken from Plaintiff's affidavit in support of his motion for sanctions (Dkt. 75-1), Defendants' declaration in response (Dkt. 77), Plaintiff's reply declaration (Dkt. 78), and Plaintiff's supplemental declaration (Dkt. 84).

In June 2019, the parties agreed that Plaintiff's counsel would take the depositions of Reynolds and Peters and two non-party fact witnesses. (Dkt. 75-1 at ¶ 5). By letter dated June 20, 2019, Plaintiff notified United States Magistrate Judge Jonathan W. Feldman, who was at that time supervising discovery, that he had completed three of the four depositions and that although the deposition of Peters was scheduled for the same week, due to "Defendants' scheduling issues," the deposition did not proceed as planned. (*Id.* at ¶¶ 6-7). At Plaintiff's request, on June 25, 2019, Judge Feldman issued a revised scheduling order, extending discovery by four months. (*Id.* at ¶ 8).

On October 3, 2019, Plaintiff requested dates from Defendants to complete Peters' deposition. (*Id.* at ¶ 9). Because Defendants' counsel responded that Peters had not been cooperative, Plaintiff requested additional time to complete fact discovery. (*Id.* at ¶ 10).

---

[1]     Count I of the complaint alleges that Peters violated Plaintiff's First Amendment rights by filing a false misbehavior report in retaliation for Plaintiff having reported that he witnessed Peters assaulting another inmate. (Dkt. 1 at ¶¶ 13-15, 25).

Following Judge Feldman's retirement, the case was referred to United States Magistrate Judge Mark W. Pedersen for supervision of discovery. (*Id.* at ¶ 12). Judge Pedersen issued a scheduling order extending the deadline for discovery by two months. (*Id.* at ¶ 11). On December 3, 2019, Plaintiff again requested to take Peters' deposition, but was advised that Defendants' counsel was unable to contact him. (*Id.* at ¶ 13).

On December 13, 2019, after requesting an update concerning Peters, Plaintiff learned that Peters might have been arrested for a criminal manner regarding his personal life. (*Id.* at ¶ 14). In response, Plaintiff's counsel advised Defendants that he would not, at that time, inquire regarding Peters' arrest at his deposition, and suggested that Defendants request another extension of the deadline to complete fact discovery. (*Id.* at ¶ 15). On December 23, 2019, Defendants' counsel requested a two-month extension, informing Judge Pedersen that counsel had difficulty communicating with Peters and had not received any response to his communications, likely due to Peters' arrest. (*Id.* at ¶ 16). Judge Pedersen granted a two-month extension of time. (*Id.* at ¶ 17).

On January 29, 2020, Plaintiff requested an update regarding Peters. (*Id.* at ¶ 18). That same day, Defendants' counsel sent an email responding that he had sent letters to Peters at three different locations. (*Id.* at ¶ 19; Dkt. 75-2). The deadline to complete fact discovery expired on February 24, 2020. (*See* Dkt. 74). At the time the instant motion was filed, Defendants' counsel had not provided a further update concerning Peters. (Dkt. 75-1 at ¶ 20).

Plaintiff filed the instant motion on May 26, 2020. (Dkt. 75). Due to Peters' failure to attend his deposition, Plaintiff asks the Court to issue an order striking Peters' answer

and precluding Peters from opposing Plaintiff's claims and supporting any of his defenses pursuant to Federal Rule of Civil Procedure 37. (*Id.*).

Defendants filed a declaration by their counsel in response to Plaintiff's motion on June 19, 2020. (Dkt. 77). Defendants' counsel informed the Court that due to multiple unsuccessful attempts to communicate with Peters, Peters "ha[d] made it impossible [for counsel] to continue to represent him in this matter." (*Id.* at ¶ 3). Defendants' counsel also advised that he intended to "fil[e] a separate sealed attorney motion to withdraw representation . . . within the next couple of weeks." (*Id.* at ¶ 4). No such motion was ever filed.

Oral argument on the motion to strike was held on July 13, 2020, and Peters appeared at this proceeding. (Dkt. 81). The Court reserved decision on the motion to strike (*id.*) and ordered Peters to appear for a deposition on September 16, 2020 (Dkt. 80).

Peters appeared for deposition on September 16, 2020. (Dkt. 84 at ¶ 6). He testified that he was aware he was supposed to appear for deposition in June 2019 and that he failed to appear for that scheduled deposition. (*Id.* at ¶ 8). Peters explained that he was "overwhelmed" by personal issues, including proceedings in divorce court and family court, as well as an arrest for allegations of child endangerment. (*Id.* at ¶ 9). Peters further testified that he moved to a new address in August 2019 and did not have internet, cable, or a home phone at his new address until approximately May 2020. (*Id.* at ¶ 10). Further, while Peters' email address did not change when he moved, he did not know his email password. (*Id.*). Peters testified that he had experienced break-ins at his new residence and that his parents' house had been burglarized. (*Id.* at ¶ 12). Peters acknowledged that

he had made no effort to reschedule his deposition from June 2019 through the beginning of the ongoing COVID-19 pandemic. (*Id.* at ¶ 13). As to the substance of the instant lawsuit, Peters testified that he had no recollection of the events that caused him to write a misbehavior report as to Plaintiff, no recollection of any conversation between himself and Plaintiff, no recollection of having ever discussed the incident described in the misbehavior report with anyone else, and no recollection of having given testimony at the hearing regarding the misbehavior report. (*Id.* at ¶¶ 16-17).

The Court held a status conference on September 30, 2020, although only Plaintiff's counsel appeared. (Dkt. 83). That same day, the Court entered a Text Order giving Plaintiff until October 16, 2020, to file a further submission in support of the motion to strike, with any response to be filed by October 30, 2020. (Dkt. 82). Plaintiff filed his supplemental submission on October 13, 2020. (Dkt. 84). In his supplemental submission, Plaintiff argues that the Court should strike Peters' answer based on his failure to appear for deposition in June 2019 and failure to thereafter make any efforts to reschedule through the close of discovery in February 2020. (*Id.* at ¶ 21). In the alternative, Plaintiff asks that Peters be precluded from "offering any evidence or testimony at trial about the underlying events at issue in Count I" of the complaint. (*Id.* at ¶ 26). Defendants did not file a response to Plaintiff's supplemental submission.

## DISCUSSION

Federal Rule of Civil Procedure 37(d) provides that the Court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(A)(i). Sanctions that may be imposed under Rule

37(d) include, among others, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A), (d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Striking an answer, like dismissal or entry of default, is a drastic remedy generally to be used only when the district judge has considered lesser alternatives." *Pelgrift v. 355 W. 51st Tavern Inc.*, No. 14-CV-8934 (AJN), 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016). Further, "[b]efore the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988). In considering whether to impose sanctions pursuant to Rule 37(d), courts consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citations omitted).

Here, the Court finds that imposition of sanctions is appropriate. As to willfulness, Peters acknowledged that he knew he was supposed to appear for a deposition in June 2019, that he failed to appear for that scheduled deposition, and that he thereafter failed to

make any efforts to contact his attorney to reschedule the deposition until after the close of discovery in February 2020. (Dkt. 84-1 at 45-46). The personal difficulties Peters was apparently experiencing during the relevant time period do not justify his failure to even attempt to communicate with defense counsel as to his discovery obligations in this lawsuit. *See Brill v. Queens Lumber Co., Inc.*, No. 10 CV 1975(DLI), 2012 WL 441287 (E.D.N.Y. Feb. 10, 2012) ("[The defendant] was clearly aware of the existence of this lawsuit and of his status as a defendant in the case. . . . His subsequent failure to communicate with counsel and his failure to notify the court and counsel of a change in address are evidence of his willful refusal to participate in the case and not a valid excuse."). However, Peters' subsequent appearance for deposition in September 2020, after having been ordered to appear by the Court, mitigates against the imposition of the harshest sanctions available.

The length of Peters' noncompliance also supports the imposition of sanctions. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Vazquez v. Davis*, No. 12 CIV. 7630 ER, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014). Here, Plaintiff was delayed for more than a year in taking Peters' deposition. By the time Peters was deposed, he had no recollection whatsoever of the relevant events. While there is no way of knowing for certain that Peters' recollection would have been more robust in June 2019, it is a reasonable conclusion that the 15-month delay contributed to the fading of Peters' memory. *See Hutcheon v. Farnum*, No. 9:18-CV-00203 MAD CFH, 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) (imposing harsh sanctions in case where plaintiff failed to comply with discovery

obligations, in part because "witness' and parties' recollection of the[] events [underlying the action] has likely faded and will continue to fade"), *adopted*, 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020); *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 WFK ST, 2019 WL 360099, at *3 (E.D.N.Y. Jan. 11, 2019) (finding harsh sanctions warranted for the defendants' failure to respond to discovery in part because the defendant's "unjustified prolongation of this action . . . caused memories to fade, evidence to become stale or lost, and in these and other ways, [caused] prejudice" (quotation omitted)), *adopted*, 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019).

While some sanction is clearly appropriate, the Court does not find imposition of the harshest sanction sought—that is, striking Peters' answer—warranted here. The papers submitted by Plaintiff in support of his motion for sanctions do not indicate that Peters was warned, prior to entry of the Court's Text Order on July 13, 2020 (Dkt. 80), that his answer might be stricken as a result of the failure to appear at his deposition. Moreover, once the Court informed him of the same, he appeared for deposition in September 2020.

Further, the Court cannot conclude that lesser sanctions than striking Peters' answer would not be effective. Again, the Court's analysis is driven by the fact that Peters complied with the Court's order to appear for deposition in September 2020. *See Audino v. Global IVR Solutions, LLC*, No. 16-CV-796V(F), 2019 WL 4396081, at *5 (W.D.N.Y. May 13, 2019) (where the defendant failed to appear for deposition, the court initially declined to strike the answer but instead ordered the defendant to appear for deposition and pay the plaintiff's expenses; only after the defendant failed to appear for court-ordered deposition was the harsh sanction of striking the answer warranted). This is not a case in

which Peters has engaged in "intransigence in refusing to comply with the court's direction," *id.*, such that striking the answer would be appropriate.

However, the Court does find that a lesser sanction than preclusion would not be effective based on the particular facts of this case. As set forth above, Peters' actions caused his deposition to be delayed to a point in time where he was no longer able to recall any of the events relevant to Plaintiff's claims against him. Under these circumstances, merely awarding Plaintiff his expenses will not cure the prejudice he has suffered. Nor can the Court order that a different individual be deposed in Peters' place; the information at issue was uniquely within Peters' personal knowledge. Under these circumstances, the Court finds it necessary to preclude Peters from offering any testimony related to the events underlying Count I of the complaint. *See generally Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (finding district court did not abuse its discretion in precluding trial testimony from two witnesses where the plaintiff had been prejudiced by his lack of an opportunity to depose them). Any lesser sanction would put Plaintiff, through no fault of his own, at an unjustified disadvantage and could result in trial by ambush, the very thing the Federal Rules of Civil Procedure are designed to avoid. *See Ginns v. Towle,* 361 F.2d 798, 801 (2d Cir. 1966) ("The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush. . . ."). The Court further notes that while Defendants opposed Plaintiff's request to strike Peters' answer, they filed no opposition to Plaintiff's supplemental submission in which he made his alternative request for preclusion, despite having been afforded the opportunity to do so.

However, the Court will not prevent Peters from introducing other evidence, apart from his own testimony, related to Count I. To the extent that such evidence was timely produced to Plaintiff and is otherwise admissible, he has suffered no prejudice, and the preclusion of such other evidence would be unduly harsh. *See Volkart Bros. v. M/V Palm Trader*, 130 F.R.D. 285, 290 (S.D.N.Y. 1990) (sanctions, including preclusion, should be limited to only those "necessary to rebuke [the sanctioned party's] non-compliance and to facilitate [the injured party's] litigation of this case without the requested information").

The Court further finds that Peters must bear Plaintiff's expenses incurred as a result of his failure to attend his deposition in June 2019. Rule 37(d)(3) "provides that a court 'must' require that the party who improperly fails to attend a deposition, or its attorney, to pay 'attorney's fees' as part of the 'reasonable expenses' required to be awarded under that rule." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014); *see also Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451V(F), 2016 WL 1458239, at *1 (W.D.N.Y. Apr. 14, 2016) (Rule 37(d)(3) "requires the court to award reasonable expenses including attorneys fees to the prevailing party unless the failure was substantially justified or an award of expenses would be unjust"). Here, Peters' failure to attend his scheduled deposition in June 2019 was not substantially justified, nor have Defendants identified any other circumstances that would render the imposition of a monetary sanction unjust in this case. The Court thus must require either Peters or defense counsel to pay Plaintiff's reasonable expenses.

In this case, because defense counsel undertook several good faith efforts to contact Peters but was unable to do so as a result of Peters' conduct, the Court does not find that

- 10 -

defense counsel should be required to pay Plaintiff's expenses. Instead, the Court will require payment from Peters. Plaintiff is directed to submit documentation of his reasonable expenses incurred as a result of Peters' failure to attend his deposition in June 2019 within 30 days of entry of this Decision and Order. Any response shall be filed within 14 days thereafter.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for sanctions (Dkt. 75) to the extent Plaintiff asks the Court to strike Peters' answer, but grants Plaintiff's alternative request for preclusion sanctions solely to the extent that Peters will be precluded at trial from testifying as to any of the events underlying Count I of the complaint. Peters is further ordered to pay Plaintiff's reasonable expenses, including attorney's fees, incurred as a result of Peters' failure to attend his scheduled deposition in June 2019. Plaintiff shall submit documentation as to the amount of such expenses within 30 days of entry of this Decision and Order; any response shall be filed within 14 days thereafter.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   January 26, 2021
         Rochester, New York