UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH E. MOORE,

      Plaintiff,

v.

CORRECTIONAL OFFICER J. PETERS, LIEUTENANT REYNOLDS, and ESTATE OF LARRY CASLIN,

      Defendants.
_____

**DECISION AND ORDER**

6:13-CV-06271 EAW

On January 26, 2021, the Court entered a Decision and Order granting in part and denying in part Plaintiff Kenneth E. Moore's ("Plaintiff") motion for sanctions based on defendant Correctional Officer J. Peters' ("Peters") failure to attend his deposition in June of 2019. (Dkt. 75) (the "Sanctions Order"). Familiarity with the Sanctions Order is presumed for purposes of the instant Decision and Order.

As relevant here, the Court ordered Peters "to pay Plaintiff's reasonable expenses, including attorney's fees, incurred as a result of Peters' failure to attend his scheduled deposition in June 2019" pursuant to Federal Rule of Civil Procedure 37(d)(3). (*Id*. at 11). Plaintiff was ordered to submit documentation of the same, which he did on February 7, 2021. (Dkt. 86). Pursuant to the Sanctions Order, Peters was required to file any response to Plaintiff's submission within 14 days of its filing (Dkt. 85 at 11). Peters did not file any such response.

Plaintiff seeks $3,624.00 in attorney's fees, consisting of 15.1 hours of attorney time at a rate of $240.00 per hour. The requested 15.1 hours includes "(i) [counsel's] efforts to extend the discovery deadline to allow time to conduct defendant Peters' deposition; (ii) correspondence with counsel concerning rescheduling defendant Peters' deposition; and, (iii) the motion to strike and related filings, including discovery following the July 13, 2020, conference." (Dkt. 86 at ¶ 8). Plaintiff's counsel has submitted timekeeping records supporting his request.

The Court finds that the work identified by Plaintiff's counsel is compensable under Rule 37(d)(3), because it "would not have been necessary if [Peters] had conducted [himself] properly in the discovery process[.]" *Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002). The Court further finds that the time expended is reasonable. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (the issue for the Court is whether "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures"). Finally, the Court concludes that $240.00 per hour is reasonable. This hourly rate is consistent with rates customarily charged in this District by attorneys with experience comparable to Plaintiff's counsel. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (holding a "presumptively reasonable" fee . . . is the "prevailing hourly rate in the community" (alteration and internal quotation marks omitted)); *Creative Resources*, 212 F.R.D. at 103 ("[I]t is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates and the experience of the attorney." (citation omitted)).

For all the foregoing reasons, as well as the reasons set forth in the Sanctions Orders, the Court awards Plaintiff $3,624.00 in attorney's fees, payable by Peters. Peters shall pay this sum within 90 days of entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 22, 2021
      Rochester, New York